## 10565

### NICHOLSON v. NICHOLSON.

(105 S. E. 700.)

HUSBAND AND WIFE—WIFE HELD NOT BLAMELESS AND HENCE NOT ENTITLED TO SEPARATE MAINTENANCE.—A wife, to maintain action for alimony, must be blameless, must come with clean hands, and so may not recover though her husband struck her, when she in anger neglected to prepare supper, abused him, and showed willingness for any sort of contest, when he sought peace, and, though he impugned her chastity, she intentionally making him suspicious, whereupon she left him; his treatment of her as a whole being good and he from the first offering and continuing to offer to take her back.

Before DEVORE, J., Oconee, October term, 1919. Affirmed.

Action by Mrs. Mattie H. Nicholson against her husband, L. A. P. Nicholson, for temporary and permanent alimony. From judgment for defendant, the plaintiff appeals.

*Mr. J. R. Earle,* for appellant, cites: *Rule in this State as to alimony:* 68 S. C. 123. *And this case comes within that rule, which has been followed in 94 S. C. 204; 94 S. C. 11; 95 S. C. 130; 104 S. C. 76; 91 S. C. 246; 100 S. C. 298. Rule in 31 S. C. Eq. 163, has been modified by 68 S. C. 123.*

NOTE: On right of wife in fault for separation to separate maintenance, see note in 49 L. R. A. (N. S.), 86.

*Mr. E. L. Herndon,* for respondent, cites: *Burden on appellant to show error where report of master has been concurred in by the Circuit Judge:* 103 S. C. 307; 91 S. C. 473; 100 S. C. 157. *Conclusion of Circuit Judge will not be disturbed unless clearly opposed to the weight of the evidence:* 91 S. C. 247; 80 S. C. 283. *Plaintiff must make prima facie showing on motion for temporary alimony:* 91 S. C. 246; 51 S. C. 384; 86 S. C. 283; 2 Enc. Law (2d Ed.) 101. *Appellant not entitled to alimony:* 1 McC. Chan. 209. *Slapping wife twice in 36 years with open left hand does not constitute saevitia:* 68 S. C. 124. *Occasional sallies of passion:* 1 McC. Ch. 206. *Wife's duty to accept domicile of husband:* 60 S. C. 448; 10 Rich. Eq. 175. *Offer of defendant to receive his wife into his home:* 60 S. C. 456; 10 Rich. Eq. 177; 1 McC. Ch. 208; 68 S. C. 131. *Conduct of wife must be blameless:* 10 Rich. Eq. 176; 68 S. C. 126. *And she was not justified in leaving:* 10 Rich. Eq. 175.

January 31, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for alimony. The motion for counsel fee and temporary alimony was heard before Judge Mauldin, who refused the motion and ordered a reference to a special referee to report on the facts and the law. The case was tried before Judge DeVore, who affirmed the master's report and decided in favor of the defendant. The findings of fact by the master are fully sustained by the evidence and are as follows:

"(1) That plaintiff is a woman of very jealous disposition, and that her jealousy, coupled with the tattling of her neighbors, has caused the trouble between her and her husband, and that through her jealous disposition she has

accused defendant of things he was not guilty of, and which there was very little cause, if any, for her suspicion of her husband.

"(2) I find that plaintiff was the cause of the trouble between defendant and herself or so contributed to it that the trouble and separation would not have occurred if she had behaved herself and had acted as a dutiful wife should.

"(3) I find that plaintiff by her own conduct brought about the quarrel between her and defendant on the night of the 18th of November, 1917, and that she provoked defendant into slapping her.

"(4) I find that plaintiff deserted the home of defendant without cause or excuse.

"(5) I find that defendant has made repeated efforts in the form of a question which I believe was his manner of asking plaintiff to return to his home as his wife, and has asked her to forgive him, and that said offers or invitations on the part of defendant to have her return to his home as his wife were *bona fide,* were sincere, and made in good faith, all of which were refused by plaintiff.

"(6) I find that defendant made ample provisions for his wife, and that his treatment of her as a whole was kind, courteous, and respectful."

In *Levin v. Levin,* 68 S. C., at page 130, 46 S. E., at page 948, this Court said:

"It is said in *Hair v. Hair, supra,* that 'the conduct of the wife must be blameless. If she elopes, or commits adultery, or violates or omits to discharge any of the important hymeneal obligations which she has assumed upon herself, the husband may abandon her without providing for her support.' It is not meant by this that a wife must be perfect—

her conduct absolutely free from fault—in all distressing circumstances.   It does not mean that when her husband has brought upon her the great wrongs sufficient to sustain her appeal to the Courts she must be entirely free from imputing to him other wrongs of which he is not guilty.   We do not think, when all the circumstances are considered, such blame attaches to the plaintiff as should defeat her action."

It is hard to see how any one can hold the wife blameless under the circumstances of this case.   It is true that a husband should not strike his wife under any circumstances, even when she assaults him; but, when she seeks alimony, she must come with clean hands.   The plaintiff prepares no supper for her husband, even though he has made the way easy for her to do so.   She prepares no supper for him because she is angry with him.   He goes supperless to bed and is required to listen to her abuse of him in the adjoining room, showing that she has been listening to the slanders against him uttered by other men.   He goes to her and without a word of reproach lies down on the bed beside her and says, "How long shall this continue?"   This can mean only one thing, and that is that he is seeking peace.   The wife replies, "As long as you want it to continue."   The plaintiff shows that she is willing for any sort of contest.   She calls him a liar and tries to strike him.   She certainly was not blameless in that fight.

It is true some of the witnesses state that he impugned her chastity.   The plaintiff cannot complain here, for she said to her daughter that she intended to put on the shoes of a man and walk about the place in her husband's absence, so as to induce the very charge that was made.   The plaintiff invited the charge and it does not lie in her mouth to complain if her plan succeeded too well.   Thirty years and more of kind treatment is a guaranty of freedom from violence in the future.

The defendant has a small farm on which he made a comfortable living for himself and his wife for years, when she lived with him and helped him. The case shows that unless these two shall make up their differences, and go back to their home again, the place cannot suppport one. The respondent offers and has continued to offer from the first to take her back and resume again the old way. This she has refused. Her remedy is in her own hands. There was no error in refusing a new trial. The respondent must keep open his offer to take his wife back to the old home and if he fails to do so the appellant may make a new application for alimony.

With this proviso the judgment is affirmed.

The CHIEF JUSTICE and MR. JUSTICE GAGE did not participate on account of sickness.