#### WISE v. WISE

#### (111 S. E. 792)

HUSBAND AND WIFE—WIFE HELD ENTITLED TO ALIMONY.—Where a husband had beat his wife, and on her return home from a visit sent her a message not to return home, as he might do something which he would regret as long as he lived, though the wife returned home, on leaving she was entitled to alimony.

Before FEATHERSTONE, J., County Court, Greenwood, 1921. Affirmed.

Action by Lucinda Wise against F. J. Wise. Judgment for plaintiff and defendant appeals.

*Messrs. Tillman, Mays & Featherstone,* for appellant, cite: *Rule as to alimony in this State*: 68 S. C. 124; 60 S. C. 447. *Circumstances of parties and fault of wife in bringing on difficulty will cause alimony to be refused*: 105 S. E. 700; 100 S. C. 298; 58 S. C. Eq. 144; 91 S. C. 245. *Where defendant offers to permit his wife to return plaintiff should be denied alimony until she has tested the good faith of said offer*: 2 S. C. Eq. 204; 48 S. C. Eq. 44; 6 S. C. Eq. 209.

*Messrs. Grier, Park & Nicholson,* for respondent. No citations.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for alimony. The defendant and plaintiff have been man and wife for about 40 years. Not only the husband, but the wife, also, have been and still are "preachers of the gospel." It seems that they have never lived in peace for any length of time. Twenty years ago the husband beat his wife, and 11 years ago he struck her, according to his own statement. According to the statement of the wife, the husband has continued the practice until she left him. In March, 1920, the wife went to Pittsburgh, Pa., to see her daughter. She went with the husband's consent, or at least without objection on his part. The letters that passed between them during her absence were bitter. In one of his letters he wrote: "Just free me, and I will go to another State and get a divorce." The wife did not consent to the divorce, but returned to Greenwood, where they lived. On her return she was handed a letter from her husband. This letter or statement of the husband's grievances was severe. The written statement was a severe arraignment of the wife's life. This written statement was accompanied by a verbal message advising her not to return home as he (the husband) might do something that would cause him to regret as long as he lived. The husband denies that he threatened to kill her. He admits that he said:

"Go tell your mother, if she is not going to stay here, to get her a house and move. I did not say I was going to kill her."

The wife did return to the house, but left it in a few days, and brought this action for alimony. The husband says that his wife is crazy. The case was heard by Judge Featherstone, who granted alimony and counsel fees.

In *Wise v. Wise*, 60 S. C. 447, 38 S. E. 802, we find that where the wife shows "personal violence actually inflicted or menaced, and affecting life or health," she has made out her case as to this requirement. It is true the

wife has condoned the past whipping and striking, and it is now too late for her to base her right to alimony on that score; but when the husband has shown himself capable of striking his wife, notwithstanding the fact that he was a minister of the gospel, it shows that he is capable of personal violence. His warning not to return to his home carries with it a threat that the wife had the right to heed.

The appellant states in his answer and on the stand that he is willing to take his wife back; but there is not one word in the case to show that his heart is filled with anything but malice toward his wife. If the wife is crazy, the husband must support her. The record fully sustains the trial Judge, and his judgment is affirmed. This does not prevent a reconciliation. It does not prevent those who would show to others "the Prince of Peace" from leading others in the paths of peace. A reconciliation would be the most powerful sermon either could preach.