### O'NEAL v. O'NEAL

#### (123 S. E., 206)

1. HUSBAND AND WIFE—GRANTING TEMPORARY ALIMONY AND SUIT MONEY WITHIN CIRCUIT JUDGE'S DISCRETION.—Granting temporary alimony and suit money is within the discretion of circuit Judge.

2. HUSBAND AND WIFE—REASONABLENESS OF CONDITION ON WHICH WIFE INVITED TO RETURN INVESTIGATED IN DETERMINING ALLOWANCE OF ALIMONY.—Where defendant sets up, as defense to allowance of temporary alimony, invitation to his wife to return to his home on condition, reasonableness of that condition requires judicial investigation.

3. HUSBAND AND WIFE—REMEDY OF ONE COMPLAINING OF AMOUNT OF TEMPORARY ALIMONY HELD TO BE BY APPLICATION TO REDUCE IT.—Where defendant complains of amount of temporary alimony fixed by an order which left it open to him to apply to another circuit Judge to reduce the amount fixed, his remedy is by such an application and not by appeal.

Before RICE, J., Anderson, October, 1923. Affirmed.

Action by Mary O'Neal against John O'Neal. From an order granting suit money and temporary alimony, defendant appeals.

*Mr. J. Robert Martin,* for appellant, cites: *Judge should have considered all facts:* 94 S. C., 207. *Husband incurs no liability for failure to support a wife who deserts suitable place of abode chosen by him:* 118 S. C., 768. *When wife asks alimony her previous conduct must have been blameless:* 10 Rich. Eq., 163; 115 S. C., 326. *Invitation to return:* 60 S. C., 456; 115 S. C., 326.

*Messrs. Bonham, Price & Poag* and *Watkins & Prince,* for respondent, cite: *Allowance of temporary alimony*

*within discretion of the Judge:* 91 S. C., 245; 112 S. C., 126; 115 S. C., 217; 51 S. C., 379; 80 S. C., 277; 94 S. C., 204; 95 S. C., 131; 107 S. C., 99. *Invitation to return not in good faith:* 68 S. C., 123; 117 S. C., 312; 111 S. E., 792. *Duty to support:* 1 Rich. Eq., 282.

June 4, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

The statement in the case is:

"This cause of action is for suit money, temporary and permanent alimony, and was begun by service of complaint and rule to show cause on defendant, same being issued by Judge Hayne F. Rice at Chambers, at Anderson, S. C., on the 9th day of October, 1923, requiring defendant to show cause at Walhalla, S. C., on the 17th day of October, 1923. A hearing was had on the 18th day of October, 1923, and an order granting suit money and temporary alimony passed. This appeal involves correctness of his Honor's ruling."

The granting of temporary alimony and suit money is within the wise discretion of the Judge who heard the motion. This case must go back for trial on the merits, and a discussion of the facts would be manifestly unwise.

I. The appellant claims that his Honor abused his discretion, in that the respondent voluntarily left the home of the appellant. This is not admitted. It is the main controversy in the case. It is enough to say that a sufficient showing was made to warrant Judge Rice in granting the order appealed from.

II. The second ground for resisting the order appealed from is that the appellant has invited his wife to return to his home. He did invite her to return, but on condition, and the reasonableness of that condition demands judicial investigation.

III. The appellant complains that the amount of the temporary alimony was fixed without proof of appellant's income. There was some proof that the appellant had property, and his Honor left it open to the appellant to apply to another judge to reduce the amount. The appellant's remedy is to apply to another Circuit Judge, with proper showing, to reduce the amount.

The order appealed from is affirmed.

MESSRS. JUSTICE WATTS, COTHRAN and MARION concur.