### LEYSATH v. LEYSATH

#### (125 S. E., 737)

HUSBAND AND WIFE—ALLOWANCE OF TEMPORARY ALIMONY AND SUIT
MONEY, PENDING DETERMINATION OF CASE, INVOLVING WIFE'S RIGHT
TO LEAVE HUSBAND BECAUSE OF MISTREATMENT, ON ITS MERITS, HELD
PROPER.—In temporary alimony case in which affidavits submitted
by wife tended to prove that she was justified in leaving husband
because of his attentions to and intimacy with other woman, it was
proper to allow wife temporary alimony and suit money pending
a determination of the case on its merits, as against husband's con-
tention that he had provided wife with comfortable home.

Before SEASE, J., Orangeburg, October, 1923. Affirmed.

Action by Leita Leysath against James E. Leysath. From
decree allowing plaintiff temporary alimony and suit money
and enjoining defendant from disposing of his property
until termination of action, the defendant appeals.

The plaintiff left defendant, claiming that defendant, be-
cause of his neglect of her and his attentions to and inti-
macy with another woman, had rendered further cohabita-
tion with defendant intolerable. The affidavits of plaintiff
and her father showed that defendant absented himself from
his home for days at a time, and during such time stayed
with such other woman, and that letter written by defendant
to such other woman in terms of endearment stated that it
was his intention to secure a divorce from plaintiff and to
marry her. The affidavits also showed that defendant's
manner towards plaintiff was distant and cold.

Defendant claimed that he had provided plaintiff with a
comfortable home, and that plaintiff, having left such home
without cause or excuse, was not entitled to alimony, and
introduced a number of affidavits tending to prove that he
had provided plaintiff with a comfortable home.

*Messrs. E. B. Friday* and *Brantley & Zeigler*, for appel-
lant, cite: *Where wife leaves the home voluntarily the
burden is upon her to show by preponderance of the evi-*

*dence, such violence or personal indignity:* 100 S. C., 298; 90 S. C., 245. *Where husband is willing to take the wife back, no alimony should be granted:* 115 S. C., 326. *Right of husband to choose abode:* 60 S. C., 426. *Financial condition of husband:* 10 Rich. Eq., 416. *Award will be reversed where plaintiff fails to make a prima facie showing:* 113 S. C., 128; 100 S. C., 299; 91 S. C., 245.

*Messrs. Wolfe & Berry, George D. Shore, Jr.,* and *M. W. Seabrook,* for respondent, cite: *Evidence justifies decree:* 115 S. C., 326; 111 S. E., 792; 122 S. E., 500; 107 S. C., 99. *Temporary alimony and suit money within discretion of Judge:* 123 S. E., 206; 115 S. C., 217.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action brought September 10, 1923, by Leita Leysath for alimony in the sum of $200.00 per month, and suit money in the sum of $300.00. The case was heard by his Honor, T. S. Sease, presiding Judge, at the October, 1923, term of the Court of Common Pleas for Orangeburg County upon the verified petition and affidavits of the plaintiff and affidavits submitted by the defendant, who made his decree allowing $100.00 per month temporary alimony and $200.00 suit money, and enjoined the defendant, appellant, from disposing of any of his property until the termination of the action."

The exceptions, four in number, challenge the correctness of Judge Sease's finding and holding.

As this is a temporary alimony case, until the case is tried on its merits, we overrule all the exceptions and affirm the decree of Judge Sease, under *Nicholson v. Nicholson,* 115 S. C., 326; 105 S. E., 700. *Wise v. Wise,* 119 S. C., 10; 111 S. E., 792. *Cleveland v. Cleveland* (S. C.), 122 S. E., 500. *Molloy v. Molloy,* 107 S. C., 99; 91 S. E., 971.

*Sadler v. Sadler,* 115 S. C., 217; 105 S. E., 285. *O'Neal v. O'Neal* (S. C.), 123 S. E., 206.

Judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.